IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALICIA COULTER,<br><br>              Plaintiff,<br><br>vs.<br><br>JACKSON PHILIP SMITH, et al.,<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER**<br><br>Case No. 2:25-cv-01090-AMA-DBP<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Dustin B. Pead |

      Before the Court is Plaintiff Coulter's Objection[1] to Judge Pead's Order[2] denying Plaintiff's Motion of Case Transfer[3] and Amended Motion of Case Transfer.[4] For the reasons below, Plaintiff's Objection is overruled, Judge Pead's decision is affirmed, and the Motions of Case Transfer are denied.

## BACKGROUND

      On December 2, 2025, Plaintiff Alicia Coulter initiated this action and moved for leave to proceed in forma pauperis.[5] In accordance with 28 U.S.C. § 1915(e) and DUCivR 3-2(b), Magistrate Judge Pead screened Plaintiff's Complaint and ordered Plaintiff to file an Amended Complaint on or before January 9, 2026, to address certain deficiencies.[6]

---

[1] ECF No. 11, filed January 2, 2026.
[2] ECF No. 10.
[3] ECF No. 7.
[4] ECF No. 8.
[5] ECF Nos. 1–2.
[6] ECF No. 6, filed December 4, 2025.

1

On December 9, 2025, Plaintiff filed her Motion of Case Transfer and her Amended Motion of Case Transfer.[7] In those Motions, Plaintiff declined the jurisdiction of the Magistrate Judge and asked that the case be sent to District Judge David Nuffer.[8]

On December 30, 2025, a Notice of Non-Consent to the jurisdiction of the Magistrate Judge under DUCivR 72-3 was docketed, and the case was randomly assigned to the undersigned District Judge and referred to Magistrate Judge Pead pursuant to 28 U.S.C. § 636(b)(1)(B).[9] Accordingly, the Magistrate Judge denied Plaintiff's Motions based on the local rules and the current procedural posture.[10]

On January 2, 2026, Plaintiff filed the instant Objection to the Magistrate Judge's decision.[11]

## STANDARD OF REVIEW

In reviewing a magistrate judge's order on a nondispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[12] "Under this deferential standard, the court will affirm the ruling unless the court, exercising independent judgment, 'is left with the definite and firm conviction that a mistake has been committed.'"[13]

---

[7] ECF Nos. 7–8.
[8] *Id*.
[9] ECF No. 9.
[10] ECF No. 10.
[11] ECF No. 11.
[12] Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).
[13] *Amann v. Off. of Utah Att'y Gen.,* No. 2:18-cv-00341-JNP-DAO, 2023 WL 8283855, at *2 (D. Utah Nov. 30, 2023) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## DISCUSSION

Local Rule 72-3(d)(2)(A) provides that if consent to a magistrate judge's jurisdiction is not obtained in a case initially assigned to the magistrate judge under section 72-3(b)(1)(A) or (B), the "Clerk's Office will randomly assign the case to a district judge and, unless a district judge directs otherwise, enter an automatic referral under 28 U.S.C. § 636(b)(1)(B) to the magistrate judge who was initially assigned."[14] Plaintiff, in her Objection, demands that her case be assigned to a district judge. This demand is moot, as her case has been already assigned to the undersigned. While Plaintiff specifically requested District Judge Nuffer, Plaintiff is not entitled to a judge of her choosing.[15] Moreover, to the extent that, by this, Plaintiff attempts to seek review of the Magistrate Judge's December 4, 2025 decision ordering Plaintiff to file an amended complaint, her objection is untimely and therefore waived.[16]

Plaintiff also seems to object to this case being referred to the Magistrate Judge and claims the Magistrate Judge is biased with regard to this matter. Plaintiff, however, has failed to set forth anything suggesting bias exists here. While Plaintiff may disagree with the Magistrate Judge's ordering her to file an amended complaint, pointing out deficiencies in a complaint does not constitute bias. Indeed, doing so is the Court's role in screening complaints under 28 U.S.C. § 1915(e) and DUCivR 3-2(b).

---

[14] DUCivR 72-3(d)(2)(A).
[15] *See id*.
[16] *See* Fed. R. Civ. P. 72(a) (a party objecting to a magistrate judge's decision must serve and file an objection "within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."); *Borandi v. USAA Casulaty Ins. Co.*, No. 2:13-cv-141-TS, 2015 WL 569284, at *1 (D. Utah 2015) (finding untimely objection waived).

In sum, Plaintiff has not offered any basis for the Court to find that the Magistrate Judge's decision was clearly erroneous or contrary to law. Plaintiff's Objection is thus overruled.

## **ORDER**

Based on the foregoing, the Court OVERRULES Plaintiff's Objection (ECF No. 11), AFFIRMS Judge Pead's Decision (ECF No. 10), and DENIES the Motions of Case Transfer (ECF Nos. 7–8).

DATED this 8th day of January 2026.

_____
Ann Marie McIff Allen
United States District Judge